**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1158
_____

DENNIS SHIPMAN,
                    Appellant

v.

SININA J. TALLEY

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-11-cv-00460)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2015

Before: GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed: October 8, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dennis Shipman seeks review of several orders entered by the District Court in this diversity action. Both parties proceeded pro se in the District Court, and proceed pro se on appeal. For the following reasons, we will affirm the District Court's judgment.

I.

On May 25, 2011, Shipman commenced this action in the United States District Court for the District of Delaware against his ex-wife and former business partner, Sinina J. Talley. Shipman alleged that Talley had unilaterally and unlawfully dissolved their joint business[1] by liquidating thousands of dollars in stock, forging documents, closing multiple bank and credit accounts, and "pocket[ing] all of the monies." (Am. Compl. ¶¶ 7-9.) Shipman asserted claims of breach of contract, fraud, fraudulent misrepresentation, and intentional infliction of emotional distress, and sought compensatory and punitive damages.

On December 14, 2011, Talley filed an answer to the complaint as well as a purported motion to dismiss. In her motion, Talley contended that Shipman's claims were barred by the terms of a 2009 settlement agreement and mutual release. Although Talley attached a copy of the settlement agreement to her motion, the District Court declined to consider issues outside the pleadings at that early stage of the proceedings and denied Talley's motion.

---

[1] The parties' joint venture, Shipman Holdings LLC, was a "business [that] consisted of three building parcels, which housed a dollar store, convenience store, martial arts studio, and class c office space." (Am. Compl. ¶ 1.)

On January 24, 2012, Shipman filed motions seeking a default judgment and sanctions against Talley. Shipman claimed that Talley had failed to serve him with copies of her answer and motion to dismiss. The District Court found that the record belied these allegations and denied relief on both motions.

Shipman next filed a motion for summary judgment, arguing that he had "come forward with sufficient evidence" to "establish all of the elements of his claims." (Mot. 13, ECF No. 18.) Shipman also again argued that he was entitled to a default judgment based on Talley's failure to answer the complaint. The District Court determined that: (1) genuine issues of material fact remained as to Talley's liability for the alleged wrongdoing; and (2) to the extent that Shipman sought summary judgment based on Talley's alleged default, the court previously made clear that no such default occurred.

On December 3, 2013, Shipman filed a second motion for a default judgment repeating the allegations he made in the first motion and in his motion for summary judgment. Shipman also argued that he was entitled to a default judgment on the ground that Talley had failed to respond to his motion for summary judgment. The District Court denied the motion, noting once more that Talley had filed and served her answer within the prescribed time, and explaining that her failure to respond to Shipman's summary judgment motion was not grounds for a default.

On December 12, 2014, Talley filed a second purported motion to dismiss the complaint, again contending that the settlement agreement precluded Shipman's present claims. The District Court construed the filing as a motion for judgment on the

pleadings, see Fed. R. Civ. P. 12(c), and this time granted relief. The court explained that although it had initially declined to consider matters outside of the pleadings, it would be prudent to do so at this late date in the litigation. The court then determined that the settlement agreement was a valid agreement from the New Castle County Family Court and that Shipman's claims fell within the scope of the release provisions.[2]

Shipman now seeks review of the District Court's orders.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's orders denying Shipman's motions for a default judgment for abuse of discretion. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). We exercise plenary review over the District Court's order granting Talley's purported motion to dismiss, which it effectively construed as a motion for summary judgment.[3] See Jakimas v.

---

[2] The District Court also denied Shipman's pending motions for sanctions and a pretrial conference. Shipman does not challenge these rulings on appeal.

[3] The District Court converted Talley's motion to dismiss under Rule 12(b)(6) to a motion for judgment on the pleadings under Rule 12(c) because she had already filed an answer to the complaint. While the District Court was correct that Talley could not proceed under Rule 12(b)(6), the court should have construed the motion as one for summary judgment instead because Talley's motion relied on materials outside of the pleadings—namely, the settlement agreement. See Fed. R. Civ. P. 12(d); Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989) ("[T]he label a district court places on its disposition is not binding on an appellate court."); Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 284 (3d Cir. 1991) (construing district court's disposition as the entry of summary judgment rather than a dismissal under Rule 12(b)(6), where the court did not exclude additional material attached to plaintiff's motion to dismiss). Although the District Court did not notify Shipman of the summary judgment conversion, we find that this error was harmless given that Shipman does not challenge the effective conversion

4

Hoffmann–La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007). A party is entitled to summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Shipman primarily challenges the District Court's determination that he was not entitled to a default judgment. Shipman repeatedly urged the District Court to enter a default judgment in his favor on the ground that Talley had not served him with copies of her answer and motion to dismiss. The District Court noted, however, that Talley had filed a certificate of service as well as a certified mail receipt demonstrating that she had mailed copies to Shipman's last known address on December 12, 2011. See Fed. R. Civ. P. 5(c). The District Court also noted that Talley's answer was timely served within sixty days of the October 20, 2011 request for waiver of service. See Fed. R. Civ. P. 4(d)(3). Under these circumstances, the District Court reasonably determined that Talley had fulfilled her service obligations under the federal rules. Therefore, the District Court acted well within its discretion in denying Shipman's motions for default judgment.[4] To the extent that Shipman also sought summary judgment based on Talley's alleged default, the District Court properly denied such request.

---

on appeal, and has not identified any evidence that would have created a genuine issue of material fact precluding summary judgment. See Rose, 871 F.2d at 342 (explaining that the failure to provide proper notice does not require reversal where the error is harmless).

[4] We note that Shipman did not follow the proper procedure for obtaining a default judgment. Shipman was required to seek entry of default by the Clerk under Federal

Shipman also challenges the District Court's determination that his claims were precluded by the terms of the settlement agreement and mutual release. "We apply plenary review to a district court's construction of settlement agreements, but we review any underlying factual findings for clear error." In re Diet Drugs Prod. Liab. Litig., 706 F.3d 217, 223 n.4 (3d Cir. 2013) (internal quotation marks omitted). As an initial matter, we see no error in the District Court's determination that the settlement agreement is authentic. Although Shipman alleges that the document is a "forgery," it bears the signatures of both Shipman and Talley, as well as Judge Mark D. Buckworth of the New Castle County Family Court, who approved the agreement by order entered February 24, 2009. In addition, the District Court was able to further confirm the validity of the document by directly contacting the Family Court. We therefore defer to the District Court's authenticity determination.

We also agree with the District Court that Shipman's claims against Talley fall within the scope of the settlement agreement's release provisions. It appears that Talley filed suit against Shipman sometime in 2008 seeking to recover sums he allegedly owed on mortgage and credit agreements arising from their joint venture. The parties later agreed to settle "all disputes and claims relating to all claims which have been or could

---

Rule of Civil Procedure 55(a) before seeking a default judgment in the District Court under Rule 55(b). See Fed. R. Civ. P. 55(a), (b); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

have been asserted in the Civil Actions or otherwise by the parties." (Settlement Agreement and Release p. 1, ECF No. 42.) They further agreed to "remise, release, and forever discharge" one another from any "claims, liability, demands, costs, charges, expenses, actions, causes of action, setoffs, affirmative defenses, judgments, and executions, past and present, known or unknown, asserted or unasserted, whether or not ascertainable at the time of execution of this Settlement Agreement and Mutual Release . . . that arise from or relate to" the pending litigation. (Id. ¶¶ 4-5.) Given that Shipman's complaint alleges misconduct that pre-dates the agreement, his claims clearly fall within the scope of the release provisions. Therefore, we discern no error in the District Court's determination that Talley was entitled to judgment as a matter of law.[5]

III.

Accordingly, we will affirm.

---

[5] To the extent that Shipman argues that the District Court's rulings in this matter were tainted by bias, we have carefully reviewed the record and detect nothing that raises an inference of bias.